NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANGHUA HUANG; et al.,<br><br>                Petitioners,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                Respondent. | No.   18-70198<br><br>Agency Nos.   A206-654-914<br>                   A206-654-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2019[**]

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Langhua Huang and her minor child, natives and citizens of China, petition

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Huang's asylum application and her testimony regarding the timing of her claimed harm and whether she requested an alternative means of contraception. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Huang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). The agency also provided specific examples in the record and a sufficient explanation to support its finding that Huang's demeanor indicated a lack of credibility. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017). Thus, in the absence of credible testimony, in this case, petitioners' asylum claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

To the extent petitioners challenge the agency's denial of withholding of removal and CAT, we lack jurisdiction to consider their contentions because petitioners did not exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d

674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

In their opening brief, petitioners do not challenge the BIA's denial of their due process and ineffective assistance of counsel claims. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**